UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANCISCO PAGAN-MORA,<br><br>    Plaintiff,<br><br>    v.<br><br>STEPEHN SPAULDING, Warden, et al.,<br><br>    Defendants. | Civil Action No. 19-10249-DJC |

## ORDER

CASPER, J.                                                                                                                   April 17, 2019

Plaintiff Francisco Pagan-Mora, who is confined at FMC Devens and represents himself *pro se*, has filed a document, D. 1, captioned as a "Memorandum Of Law In Support Of Plaintiff's Motion For Preliminary Injunction, TRO, and Suit" ("Memorandum"). The Memorandum was accompanied by a proposed order granting preliminary injunctive relief and a motion for appointment of counsel. Pagan-Mora did not file a motion for injunctive relief or a complaint. He also did not pay the filing fee or a motion for leave to proceed *in forma pauperis*. For the reasons set forth below, the Court directs Pagan-Mora to file a complaint and resolve the filing fee.

**I.    Filing of a Complaint**

"A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. If he wishes to pursue this action, he must file a complaint. The Court cannot consider a motion for injunctive relief without an underlying complaint which contains a statement of the Court's jurisdiction, "a short and plain statement of the claim showing that the pleader is entitled to relief," and a demand for relief. See Fed. R. Civ. P. 8(a). The requirement to provide a "short and plain statement of the claim" means that the complaint must contain "enough detail to provide [each]

1

defendant with 'fair notice of what the . . . claim is and the grounds upon which it rests,'" Silverstrand Invs. v. AMAG Pharm., Inc., 707 F.3d 95, 101 (1st Cir. 2013) (quoting Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011)) (alteration in original), or, in other words, the statement of the claim "must 'at least set forth minimal facts as to who did what to whom, when, [and] where,'" Calvi v. Knox County, 470 F.3d 422, 430 (1st Cir. 2006) (quoting Educadores Puertorriqueños en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004)).

In addition, a complaint should comply with other requirements set forth in the Federal Rules of Civil Procedure. The caption of the complaint "must name all the parties," Fed. R. Civ. P. 10(a). "A party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The plaintiff must sign the complaint. See Fed. R. Civ. P. 11(a).

## II. Filing Fee

Further, if Pagan-Mora wishes to pursue this action, complaint, he must also pay a $350 filing fee and the $50 administrative fee or file a request to proceed without prepayment of the fee (often referred to as a motion for leave to proceed *in forma pauperis*). Where, as here, the plaintiff is a prisoner, a motion for waiver of prepayment of the filing fee must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

Based on the information contained in the prison account statement, the Court will direct the appropriate prison official to withdraw an initial partial payment from the plaintiff's account,

2

followed by payments on a monthly basis until the entire $350.00 filing fee is paid in full. See 28 U.S.C. § 1915(b)(1)-(2). Even the Court dismisses the action upon a preliminary screening, see 28 U.S.C. §§ 1915(e)(2), 1915A, or Pagan-Mora is otherwise unsuccessful in this action, he remains obligated to pay the $350 filing fee.[1]

## III. Order

Accordingly:

1. If Pagan-Mora wishes to pursue this action he must, within thirty-five days of the date of this order (a) Pay the $350 filing fee and $50 administrative fee or file a motion for leave to proceed *in forma pauperis* with a six-month certified prison account statement; and (b) file a complaint.

Failure to comply with this order will result in dismissal of the action without prejudice. The Clerk shall send Pagan-Mora an Application to Proceed in District Court Without Prepaying Fees or Costs, which Pagan-Mora may complete and file (with the prison account statement) as a motion for leave to proceed *in forma pauperis*.

2. The motion for appointment of counsel is DENIED WITHOUT PREJUDICE at this time.

**So Ordered.**

                                         /s/ Denise J. Casper
                                         United States District Judge

---

[1] The $50 administrative fee is waived for a prisoner proceeding *in forma pauperis*.